FRANK HANTMAN, Appellant, *v.* MILTON H. GOLDSTRICKER, Respondent.

First Department, March 21, 1974.

*Franklin Miller* for appellant.

*Vincent J. Zichello* of counsel (*Hart & Hume*, attorneys), for respondent.

*Per Curiam.* This appeal presents a unique variation of the difficult problem frequently presented where a party is charged with his attorney's neglect. There are two factors which ameliorate the apparent harshness of dismissal. First, it is generally recognized that neglected cases are almost invariably so treated because of some inherent weakness in the case itself (*Sortino* v. *Fisher,* 20 A D 2d 25) and, second, that the inordinate delay is prejudicial to the other party who is not responsible for it.

While here the delay is inordinate and the explanation — office failure — does not constitute a valid excuse, the peculiar circumstances show an absence of the underlying factors which justify dismissal. The plaintiff was the victim of an accident in 1960. He retained the present defendant to prosecute a suit. The action was shamefully delayed, which resulted in a dismissal of the action, discipline of the defendant and the institution of this action, which is for malpractice by the attorney. This action was instituted in 1968, and plaintiff was represented by Irvin L. Kaye, Esq., an attorney recommended to him by the Association of the Bar following the disciplinary proceeding. Unfortunately, Mr. Kaye died in 1968, shortly after initiating the present suit. His executor, also a lawyer, was substituted as attorney, as he was in many of Mr. Kaye's matters. The action was not prosecuted with vigor and a long period of inaction followed. We do not concern ourselves on this application with whether that failure to act is or is not excusable as regards the attorney.

The salient factor which, in our opinion, takes the case out of the general rule as correctly recognized below, is that the defendant is hardly in a position to complain. The conduct which he charges against plaintiff's attorney and which might, under usual circumstances, be attributed to plaintiff, is the same conduct of which he has been found guilty and which constitutes the gravamen of the present action. Secondly, the present action appears to have merit and the underlying claim undoubtedly was based on a substantial prima facie case. While this is a case which should be limited to its own peculiar facts, it does present a situation which takes it out of the general rules.

The order, Supreme Court, New York County (EVANS, J.) entered May 17, 1973, should be reversed on the law and in the interest of justice, the motion granted and case restored without costs.

MARKEWICH, J. P., NUNEZ, MURPHY, STEUER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on May 17, 1973, unanimously reversed, on the law and in the interest of justice, without costs and without disbursements, the motion granted and the case restored. The order of this court, entered on March 14, 1974, is vacated.